[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12138
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00344-SCJ-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DE JESUS SANCHEZ-CORTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 31, 2014)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

After pleading guilty, Jose de Jesus Sanchez-Cortes appeals his sentence of 21 months and 24 days for illegally re-entering the United States after having previously been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Sanchez-Cortes argues that his sentence is substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.  Id.  On appeal, Sanchez-Cortes argues only that his sentence is substantively unreasonable, and thus has abandoned any claim of procedural unreasonableness.  See United States v. Dougherty, 754 F.3d 1353, 1358 (11th Cir. 2014).

The abuse of discretion standard "allows a range of choice for the district court, "and we will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc) (quotation marks omitted).  The party challenging the sentence bears the burden of showing that the sentence is

unreasonable in light of the record and the § 3553(a) factors. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013).[1]

Here, Sanchez-Cortes's sentence is two months below his advisory guidelines range of 24 to 30 months' imprisonment and well below the applicable 20-year statutory maximum. See 8 U.S.C. § 1326(b)(2). Sanchez-Cortes has not met his burden to show his sentence is substantively unreasonable.

Born in Mexico, Sanchez-Cortes entered the United States illegally in 1984, when his father brought him to the United States at the age of three. Sanchez-Cortes grew up and went to school in Georgia, where most of his family lives.

In 1999, when Sanchez-Cortes was 17 years old, he pled guilty to felony molestation of a child under the age of 16 and was sentenced to ten years' probation. In 2003, when he was 21 years old, Sanchez-Cortes was removed from the United States and deported to Mexico. Sanchez-Cortes did not speak Spanish very well and did not know his relatives in Mexico. Within a few months, Sanchez-Cortes illegally returned to the United States, and resumed living and

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

working in Georgia.  After returning to the United States, Sanchez-Cortes had two children and one step-child, all of whom live in Georgia.

In 2009, Sanchez-Cortes was arrested for giving false identification to a police officer.  Those charges were not pursued, and Sanchez-Cortes was not deported.  In June 2013, Sanchez-Cortes again was arrested for providing a false name and identification.  This time, an Immigration and Customs Enforcement ("ICE") agent encountered Sanchez-Cortes at the Gwinnett County jail, which led to this federal illegal re-entry conviction.

At sentencing, the district court varied downward by 66 days for the time Sanchez-Cortes had spent in ICE custody.  The district court acknowledged that Sanchez-Cortes had culturally assimilated in the United States, but denied his request to vary further downward on this basis.  The district court concluded that Sanchez-Cortes's cultural assimilation was outweighed by the seriousness of Sanchez-Cortes's prior felony child molestation conviction and the need to deter Sanchez-Cortes from again returning to the United States. [2]

We cannot say the district court's refusal to vary further downward was an abuse of discretion.  Sanchez-Cortes's prior conviction, while over a decade old,

---

[2]To the extent Sanchez-Cortes challenges the district court's denial of his request for a downward departure based on cultural assimilation pursuant to U.S.S.G. § 2L1.2, we lack jurisdiction to review this claim because the district court denied Sanchez-Cortes's departure request as a matter of discretion and not because it mistakenly believed it lacked authority to grant the departure. See United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006).

4

was for a very serious crime.  Furthermore, Sanchez-Cortes previously had returned to the United States within a matter of months of being deported, and his strong family ties in the United States provided an incentive to try to return again. Under the circumstances, the district court properly considered deterrence to be a "very important" factor.

Given the record before us, we cannot say the district court committed a clear error of judgment in weighing the § 3553(a) factors and imposing a sentence of 21 months and 24 days for Sanchez-Cortes's federal offense.

**AFFIRMED.**

5